**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JAQUAN CROCKETT,**                                                    PLAINTIFF

Versus                                          CIVIL ACTION NO. 5:26-cv-455-DCB-BWR

**MANAGEMENT & TRAINING CORPORATION**
and JOHN AND JANE DOES 1–15,                                     DEFENDANTS

**COMPLAINT**

**(Jury Trial Demanded)**

COMES NOW Plaintiff, JAQUAN CROCKETT ("Plaintiff"), by and through counsel,

Michael W. Crosby, and files this Complaint against Defendants Management & Training

Corporation ("MTC") and John and Jane Does 1–15, and in support thereof the Plaintiff

would respectfully aver, state, show, and give notice unto the Court the following:

**I. JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, including 42

   U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States

   Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343

   because this action presents federal questions and seeks redress for the

   deprivation of constitutional rights under color of state law.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in Wilkinson County, Mississippi, which is located within the Southern District of Mississippi, Western Division.

## II. PARTIES

4. Plaintiff Jaquan Crockett is an adult resident citizen of Wilkinson County, Mississippi. At all times material hereto, Plaintiff was incarcerated at Wilkinson County Correctional Facility ("WCCF") located in Wilkinson County, Mississippi.

5. Defendant Management & Training Corporation ("MTC") is a private foreign corporation organized and existing under the laws of the State of Utah and authorized to conduct business within the State of Mississippi. At all times material hereto, MTC operated and managed WCCF pursuant to a contract with the Mississippi Department of Corrections ("MDOC").

6. By virtue of its contractual relationship with MDOC and its operation of WCCF, MTC and its employees acted under color of state law for purposes of 42 U.S.C. § 1983.

7. Defendant John and Jane Does 1–15 are individuals whose identities are presently unknown, but who were employees, agents, officers, supervisors, correctional officers, wardens, assistant wardens, and/or representatives of MTC acting within the course and scope of their employment and under color of state law at all times relevant hereto. Plaintiff will amend this Complaint upon discovery of their true identities.

**III. FACTUAL ALLEGATIONS**

8.  On or about May 9, 2023, Plaintiff was violently attacked by multiple inmates at WCCF.

9.  During the assault, Plaintiff was repeatedly beaten and stabbed in the head, neck, and body by other inmates.

10. The attack occurred in an area of the facility where correctional staffing was grossly inadequate and where inmates were not being properly supervised or monitored.

11. At the time of the assault, there were no correctional officers stationed in the tower, no officers adequately monitoring the housing unit floor, and no effective camera monitoring of inmate activities.

12. Upon information and belief, inmates were able to move freely within the facility due to inadequate security measures, insufficient staffing, improper supervision, and/or defective or unsecured cell locking mechanisms.

13. Plaintiff suffered serious physical injuries as a result of the inmate attack and required immediate medical attention.

14. Following the inmate assault, Plaintiff was restrained by correctional officers and escorted toward the prison infirmary.

15. While Plaintiff was restrained, injured, and posing no threat to prison personnel or other inmates, the Warden or Assistant Warden of WCCF intentionally struck Plaintiff in the face with a club or similar instrument.

16. The use of force against Plaintiff was unnecessary, excessive, malicious, and undertaken in bad faith for the purpose of causing harm rather than restoring discipline.

17. The assault upon Plaintiff by the Warden or Assistant Warden occurred in the presence of other correctional employees and inmates.

18. Despite Plaintiff's obvious injuries and medical condition, Defendants failed to adequately protect Plaintiff from further harm.

19. Following the assaults, Plaintiff was transported to the prison infirmary and later placed in the Special Housing Unit ("SHU"), commonly referred to as "the Hole."

20. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered severe physical injuries, emotional distress, mental anguish, pain and suffering, disfigurement, and permanent impairment.

21. Upon information and belief, MTC maintained customs, practices, policies, and/or widespread institutional deficiencies that created dangerous conditions within WCCF, including but not limited to:

    a. chronic understaffing of correctional officers;

    b. failure to adequately supervise inmate housing areas;

    c. failure to properly monitor inmate activity through surveillance systems;

    d. failure to conduct routine security checks;

e. failure to properly train and supervise correctional staff regarding inmate safety and constitutional use-of-force standards;

f. failure to adequately investigate prior incidents of inmate violence and staff misconduct;

g. failure to implement and enforce appropriate inmate movement and security procedures; and

h. tolerance and/or ratification of the use of excessive force against restrained inmates.

22. The foregoing customs, practices, policies, and institutional deficiencies were known to MTC and its supervisory personnel and constituted deliberate indifference to the constitutional rights and safety of inmates housed at WCCF, including Plaintiff.

**COUNT I**

**42 U.S.C. § 1983 – FAILURE TO PROTECT**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24. Defendants had a constitutional duty under the Eighth and Fourteenth Amendments to the Constitution of the United State of America to take reasonable measures to guarantee Plaintiff's safety and protect him from violence at the hands of other inmates.

25. Defendants knew or reasonably should have known of the substantial risk of serious bodily harm created by chronic understaffing, inadequate supervision, insufficient security procedures, and the failure to properly monitor inmate activity within WCCF.

26. Despite such knowledge, Defendants acted with deliberate indifference to Plaintiff's safety by failing to take reasonable corrective measures.

27. As a direct and proximate result of Defendants' deliberate indifference and failure to protect Plaintiff, Plaintiff suffered severe and permanent injuries.

**COUNT II**

**42 U.S.C. § 1983 – EXCESSIVE FORCE**

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. After Plaintiff had already sustained serious injuries and while Plaintiff was restrained and posed no threat to prison personnel or inmates, the Warden or Assistant Warden intentionally struck Plaintiff in the face with a club or similar instrument.

30. The force used against Plaintiff was objectively unreasonable, excessive, malicious, sadistic, unnecessary, and applied for the purpose of causing harm.

31. The conduct of the individual Defendant violated Plaintiff's clearly established constitutional right to be free from cruel and unusual punishment under the Eighth Amendment.

32. As a direct and proximate result of the excessive force used against Plaintiff, Plaintiff sustained severe physical injuries, pain and suffering, emotional distress, and other damages.

**COUNT III**

**42 U.S.C. § 1983 – UNCONSTITUTIONAL POLICIES, CUSTOMS, AND PRACTICES**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. At all times material hereto, MTC acted under color of state law in operating and managing WCCF.

35. MTC maintained customs, policies, practices, and institutional deficiencies that were the moving force behind the constitutional violations suffered by Plaintiff.

36. These customs, policies, practices, and institutional deficiencies included, but were not limited to:

    a. chronic understaffing;

    b. inadequate supervision of inmate housing units;

    c. inadequate security monitoring;

    d. inadequate hiring, training, and supervision of correctional personnel;

    e. failure to discipline correctional officers engaging in misconduct;

    f. failure to adequately investigate incidents involving inmate violence and staff abuse; and

g. tolerance or ratification of excessive force against inmates.

37. MTC knew or reasonably should have known that these customs, policies, practices, and institutional deficiencies created a substantial risk of serious harm to inmates.

38. MTC acted with deliberate indifference to the constitutional rights and safety of inmates, including Plaintiff.

39. The unconstitutional customs, practices, and policies of MTC were a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT IV**

**NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENT HIRING/TRAINING/SUPERVISION**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. MTC owed Plaintiff a duty to exercise reasonable care in the operation, staffing, supervision, training, and management of WCCF.

42. MTC breached its duties by, among other things:

a. failing to adequately staff WCCF;

b. failing to properly supervise inmates and correctional personnel;

c. failing to adequately train correctional staff regarding inmate protection and constitutional use-of-force standards;

d. failing to properly hire, retain, supervise, and discipline correctional employees; and

e. failing to maintain reasonably safe conditions within the facility.

43. As a direct and proximate result of MTC's negligence, gross negligence, and negligent hiring, training, supervision, and retention, Plaintiff sustained the injuries and damages complained of herein.

## COUNT V

## ASSAULT AND BATTERY

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. While Plaintiff was restrained, injured, and posing no threat, the Warden or Assistant Warden intentionally struck Plaintiff in the face with a club or similar instrument.

46. The conduct of the Warden or Assistant Warden constituted intentional, offensive, harmful, unjustified, and unlawful bodily contact.

47. Said actions constituted assault and battery under Mississippi law.

48. As a direct and proximate result of the assault and battery committed upon Plaintiff, Plaintiff sustained severe injuries and damages.

## COUNT VI

## PUNITIVE DAMAGES

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Defendants acted with actual malice, gross negligence, reckless disregard, and deliberate indifference to Plaintiff's constitutional rights and safety.

51. Defendants' conduct was willful, wanton, malicious, and exhibited a conscious disregard for Plaintiff's rights, privileges, immunities, and well-being.

52. Plaintiff is therefore entitled to recover punitive damages in an amount to be determined by the jury.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

A. Compensatory damages in an amount to be determined by the jury;

B. Punitive damages in an amount to be determined by the jury;

C. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, which are to be awarded a prevailing party;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED, this the 8th day of May 2026.

**JAQUAN CROCKETT,**

BY: /s/ _Michael W. Crosby_

MICHAEL W. CROSBY

COUNSEL FOR PLAINTIFF

Michael W. Crosby, MSB#7888

Attorney at Law

2111 25th Avenue

Gulfport, MS 3901

Phone: (228) 865-0313

Fax: (228) 865-0337

email: michaelwcrosby@bellsouth.net